United States District Court
Southern District of Texas
**ENTERED**
January 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALANIS LOGISTICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-cv-00235 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND FIRST AMENDED SCHEDULING ORDER

The Court now considers "Defendant's Opposed Motion for Protection Regarding Non-Party Customer Information."[1] The motion is actually unopposed because Plaintiff failed to file a response and the time for doing so has passed.[2] The Court also considers Plaintiff Alanis Logistics, Inc.'s "Opposed Motion for Modification of Scheduling Order"[3] and Defendant's response;[4] and Plaintiff's "Motion for Deposition Order"[5] and Defendant's response;[6] and "Plaintiff's Motion to Compel Production"[7] and Defendant's response.[8] The Court lastly considers "Defendant's Opposed Motion to Extend Deadline to Respond to Plaintiff's Motion to Compel Production and for Leave to File Supplemental Response."[9] After considering the motions, record, and relevant authorities, the Court **GRANTS** Plaintiff's motion to modify the scheduling order[10] but **DENIES** all other motions considered.

---

[1] Dkt. No. 12.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 13.
[4] Dkt. No. 18.
[5] Dkt. No. 14.
[6] Dkt. No. 17.
[7] Dkt. No. 16.
[8] Dkt. No. 23.
[9] Dkt. No. 25.
[10] Dkt. No. 13.

## I. BACKGROUND

Plaintiff commenced this case in state court on May 12, 2021, alleging that Defendant JPMorgan Chase Bank, N.A. authorized "one or more [third] parties unknown and unrelated to Plaintiff" to withdraw Plaintiff's funds from Plaintiff's bank account.[11] Defendant removed to this Court on June 11th.[12] On July 12th, this Court issued a scheduling order providing for the close of discovery on January 28, 2022.[13] In November and December 2021, the parties filed the instant motions which are now ripe for consideration. The Court turns to the analyses, beginning with Defendant's unopposed motion for a protective order.

## II. DEFENDANT'S MOTION FOR PROTECTIVE ORDER

### a. Legal Standard

"The district court may, for good cause, issue a protective order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"[14] However, "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule."[15] The good cause standard and the balancing of interests approach calls for more than a mere request; "[t]he movant bears the burden of showing that a protective order is necessary, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"[16] Entering a protective order absent a particularized demonstration of good cause may constitute an abuse of discretion.[17] Nevertheless, the protective order standard is more lenient than sealing judicial records.[18]

---

[11] Dkt. No. 1-4 at 3–4, ¶¶ 9–11.
[12] Dkt. No. 1.
[13] Dkt. No. 6.
[14] *In re LeBlanc*, 559 F. App'x 389, 392 (5th Cir. 2014) (quoting FED. R. CIV. P. 26(c)(1)).
[15] *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (quotation omitted).
[16] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).
[17] *See In re Terra Int'l*, 134 F.3d at 306.
[18] *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021).

###### b. Analysis

The parties first filed an agreed confidentiality order on the Court's docket on November 8, 2021.[19] The Court struck it.[20] Then, Defendant JPMorgan Chase Bank, N.A. filed a *joint* motion seeking a protective order on November 15, 2021.[21] The Court denied it.[22] The instant motion, only two pages in substance, is Defendant's third bite at the apple.

Defendant's entire argument for the issuance of a protective order consists of one long sentence:

> JPMorgan objects to the disclosure, production and/or identification, whether by written discovery, testimony or otherwise, of financial and other information, including but not limited to, any personal information, account information, and/or transaction history, pertaining to the customer whose account was involved in the transactions made the subject of this suit but is not a party to this suit, absent an order from the Court and seeks protection from the Court in this regard.[23]

Parsed down, Defendant simply states that it objects to disclosure of a third party's information. In the face of the Court's November 16th denial of Defendant's earlier motion for a protective order, which reminded Defendant that "[e]ntering a protective order or confidentiality order requires a 'particular and specific demonstration of fact,'"[24] the Court admonishes Defendant's counsel that such a simplistic statement, even dressed up, is hardly worthy of the paper it's written on. While the Court can glean that some of the information sought may warrant protection, the Court is not inclined to sort through the sixty pages attached to Defendant's motion for a protective order to make Defendant's argument for it. Defendant provides no specific objection to any of

---

[19] Dkt. No. 7.
[20] Dkt. No. 8.
[21] Dkt. No. 10.
[22] Dkt. No. 11.
[23] Dkt. No. 12 at 2. The Court reminds counsel of Federal Rules of Civil Procedure's requirements for numbered paragraphs. FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) (emphasis added) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").
[24] Dkt. No. 11 at 2 (quoting *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017)).

Plaintiff's discovery requests, nor does Defendant provide facts or citations to authority explaining why the Court should disallow Plaintiff's discovery relating to the third party who was allegedly wrongfully authorized to withdraw funds from Plaintiff's account. The Court **DENIES** Defendant's motion for a protective order regarding third party customer information.[25]

### III. PLAINTIFF'S MOTIONS TO MODIFY SCHEDULING ORDER AND COMPEL DEPOSITION

The Court considers Plaintiff's motions to modify the Court's scheduling order[26] and compel depositions[27] together because the issues therein appear to overlap.

Plaintiff seeks to depose three individuals, specifically Rolando Garcia, Flor Villalobos, and a corporate representative of Defendant JPMorgan Chase Bank, N.A.[28] Plaintiff complains that Defendant has not been responsive with respect to scheduling the depositions and that Court intervention is necessary given Defendant's failure to schedule the depositions.[29] Plaintiff also "infer[s]" that Defendant "intends to prevent Plaintiff from obtaining the requested depositions during the discovery period, or to allow such depositions only so late as to preclude any follow up depositions," because Defendant opposed Plaintiff's motion to modify the Court's scheduling order.[30] Defendant responds that it *has* been responsive with respect to scheduling the depositions "and is awaiting January dates of availability from the plaintiff's counsel" and has offered several dates for the deposition of Rolando Garcia only to be met by Plaintiff's assertion that Plaintiff wants to first depose Flor Villalobos.[31] Defendant "concurs with the plaintiff's request to extend the discovery deadline" in light of the scheduling difficulties.[32]

---

[25] Dkt. No. 12.
[26] Dkt. No. 13.
[27] Dkt. No. 14.
[28] Dkt. No. 14 at 4, ¶ 5 (citing Dkt. Nos. 14-3, 14-4, and 14-5).
[29] *Id.* at 4–5, ¶¶ 5–7.
[30] *Id.* at 4, ¶ 5.
[31] Dkt. No. 17 at 2, § II.
[32] *Id.* at 3, § III.

With respect to Plaintiff's motion to modify the scheduling order, Plaintiff seeks additional time to complete discovery.[33] Defendant "does not object to the extension of the discovery deadline 30 – 60 days. Specifically, a 30 – 60 day extension of the discovery deadline should provide enough time for the parties to conduct necessary discovery after the Court has had an opportunity to rule on JPMorgan's Motion for Protection."[34] But confusingly, Plaintiff argues that "[g]ood cause exists for the Court to grant [an extension] in that Defendant has not yet been granted protection from the Court with respect to disclosure to the Plaintiff of the protected evidence, although Defendant has filed a motion seeking such protection."[35] Plaintiff makes this assertion even though Plaintiff initially *opposed* Defendant's motion for a protective order[36] only to ultimately not oppose Defendant's motion through Plaintiff's failure to respond.[37]

The foregoing morass is obviously the result of the parties' failure to communicate as required by Local Rule 7.1.D. and the discovery rules.[38] The parties earlier jointly requested an extension of the Court's scheduling order,[39] then the extension appeared to be opposed,[40] and now the extension is unopposed.[41] Plaintiff seeks to compel production[42] in light of the scheduling issues and pending protective order issue, the latter of which Plaintiff initially did not oppose,[43] then opposed,[44] then did not oppose.[45] Plaintiff asserts that Court intervention is necessary due to

---

[33] Dkt. No. 13 at 3, ¶¶ 11–12.
[34] Dkt. No. 18 at 2, § I.
[35] Dkt. No. 13 at 2–3, ¶ 10.
[36] Dkt. No. 12 at 3.
[37] *See supra* note **Error! Bookmark not defined.** and accompanying text.
[38] *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990).
[39] Dkt. No. 9.
[40] Dkt. No. 13.
[41] Dkt. No. 18.
[42] Dkt. No. 14.
[43] Dkt. No. 10.
[44] Dkt. No. 12.
[45] *See supra* note **Error! Bookmark not defined.** and accompanying text.

Defendant's opposition,[46] but Defendant does not oppose an extension or the discovery.[47] The Court declines to reward Plaintiff's failure to communicate by granting Plaintiff's motion to compel depositions. That motion[48] is **DENIED**. However, the Court acknowledges the parties' agreement that more time is necessary to complete discovery. Accordingly, the Court **GRANTS** Plaintiff's motion to modify the scheduling order.[49] The Court modifies its July 12, 2021 scheduling order[50] pursuant to Federal Rule of Civil Procedure 16(b)(4) and enters this case-specific scheduling order which controls disposition of this action until further order of the Court. The following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Plaintiff to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | January 15, 2022 |
| Deadline for Defendant to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | February 15, 2022 |
| Discovery deadline. | March 31, 2022 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the joint pretrial order. | April 21, 2022 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[51] | June 20, 2022 |
| Final pretrial conference and trial scheduling. | July 19, 2022, at 9:00 a.m. |

---

[46] Dkt. No. 14 at 5, ¶ 7.
[47] Dkt. Nos. 17–18.
[48] Dkt. No. 14.
[49] Dkt. No. 13.
[50] Dkt. No. 6.
[51] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[52] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

The Court now turns to Plaintiff's December 9, 2021 motion to compel production[53] and "Defendant's Opposed Motion to Extend Deadline to Respond to Plaintiff's Motion to Compel Production and for Leave to File Supplemental Response."[54]

## IV. PLAINTIFF'S MOTION TO COMPEL PRODUCTION

Plaintiff moves the Court to order Defendant to produce "the things described in the requests for production contained" in Plaintiff's attached exhibit and overrule all of Defendant's objections thereto.[55] Plaintiff argues simply that Defendant's responses and objections to Plaintiff's requested discovery "do not satisfy the standards for responses to requests for production" required by law.[56] Plaintiff asserts that he has conferred with Defendant in good faith,[57] but Defendant stringently denies that assertion.[58] The relevant conferral is Plaintiff's November 23, 2021 correspondence consisting substantively of a single sentence: "Please see the attached draft motion, and let me know if Defendant would supplement its prior document production (other than the Finance Code Chapter 59 stuff) at this time."[59] The November 23rd correspondence included a draft of Plaintiff's instant motion to compel and its attached fifteen-page, thirty-one item list of Plaintiff's requests for production and Defendant's associated

---

[52] See FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Apr. 2021).
[53] Dkt. No. 16.
[54] Dkt. No. 25.
[55] Id. at 2, ¶¶ 2–4.
[56] Id. at 7, ¶ 26.
[57] Id. ¶ 27.
[58] Dkt. No. 23 at 4, ¶ 5.
[59] Dkt. No. 23-4 at 1.

responses and objections.[60] Defendant points out that Plaintiff did not, in its correspondence, specify any alleged deficiencies, any particular responses expected to be supplemented, or any particular objections subject to withdrawal.[61] Plaintiff then filed the instant motion to compel, which similarly does not specify *which* discovery responses or objections are supposedly improper. Plaintiff appears to prefigure that the Court will make its case for it, wading into every line of the discovery dispute and ruling on the validity or invalidity of the request and its related objection for all thirty-one requests for production.

Again, the foregoing is symptomatic of the parties' failure to communicate as required by Local Rule 7.1.D and the discovery rules.[62] A valid Federal Rule of Civil Procedure 37(a) motion to compel requires detailed, specific, and elaborated grounds for seeking the motion to compel *and* a certification that the movant has attempted in good faith to resolve those specific issues without court intervention.[63] The Court agrees with Defendant that Plaintiff's brusque assertion that Defendant has failed to comply with the discovery rules, and brusque assertion that Plaintiff has attempted to resolve the disputes, are insufficient to demonstrate that Plaintiff's motion to compel is properly grounded for Court intervention in the parties' discovery process.[64] Mere unspecific assertions that an opponent's discovery responses are out of compliance do not constitute an invitation for courts to review and resolve every issue; if it were otherwise, courts would be engaged in little else. Accordingly, Plaintiff's motion to compel production is **DENIED**.[65] Because Defendant already responded to Plaintiff's motion, and because the motion is denied, Defendant's

---

[60] *Id.* at 13–28.
[61] Dkt. No. 23 at 4, ¶ 5.
[62] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486–87 (5th Cir. 1990).
[63] *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 1392332, at *7 (N.D. Tex. Apr. 8, 2016).
[64] *See* Dkt. No. 23 at 5, ¶¶ 6–4.
[65] Dkt. No. 16.

motion to file a late supplemental response to Plaintiff's motion to compel production[66] is **DENIED AS MOOT**.

## V. HOLDING

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to modify the scheduling order,[67] but **DENIES** all other pending motions[68] except for Defendant's December 30, 2021 motion for protective order regarding Plaintiff's requests for production.[69] The response thereto is due on or before January 20th pursuant to Local Rule 7.4.A.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of January 2022.

_____
Micaela Alvarez
United States District Judge

---

[66] Dkt. No. 25.
[67] Dkt. No. 13.
[68] Dkt. Nos. 12, 14, 16, 25.
[69] Dkt. No. 24.